UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANA BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-2704 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| WESTERN ILLINOIS UNIVERSITY and JIM BOYD, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In her seven-count complaint, plaintiff Diana Blue brings employment discrimination claims against Western Illinois University ("WIU") and her supervisor, Jim Boyd, under Title VII of the Civil Rights Act of 1964 (Counts I, II, and III), 42 U.S.C. § 1983 (Count IV), the Age Discrimination in Employment Act ("ADEA") (Count V), and state law claims (Counts VI and VII).[1] Before the Court is Boyd's motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants in part and denies in part Boyd's motion.

**Background**

On January 14, 2019, Blue began working for WIU's Illinois Small Business Development Center, which is in Macomb, Illinois. Blue alleges that shortly after she began working for WIU, her supervisor Jim Boyd subjected her to a discriminatory and hostile work environment based on her gender and age. She alleges that Boyd repeatedly berated her with inappropriate language and physically threatened her. For example, she alleges that on more than one occasion Boyd stated that he was going to kill her or would have to kill her if she reported his inappropriate behavior, which included his abuse of alcohol at work and work events and his failure to report his vacation time.

---

[1] On July 13, 2021, plaintiff voluntarily withdrew Counts IV, VI, and VII of the complaint against defendant WIU.

Also, by way of example, in May 2019, Blue alleges Boyd barged into her office shouting "Who do you think you are?" and blocked her from leaving the exit.

Blue filed a charge with the EEOC on June 15, 2020 and received her notice of right to sue letter on February 18, 2021. She brought this lawsuit on May 19, 2021.

**Legal Standards**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A Rule 12(b)(1) motion challenges federal jurisdiction and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant is facially challenging jurisdiction. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**Discussion**

*Title VII and ADEA Claims*

In his motion to dismiss, Boyd asserts Blue cannot bring her Title VII and ADEA claims against him because these employment discrimination statutes do not provide for individual liability. The Court agrees. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) ("there is

no individual liability under Title VII."); *Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) ("there is no individual liability under the ADEA."). In fact, Blue does not refute Boyd's argument in her response brief. The Court therefore grants Boyd's motion to dismiss Counts I, II, III, and V brought against him. WIU remains a defendant to these claims.

*42 U.S.C. § 1983 Claim*

In Count IV of her complaint, Blue brings an Equal Protection claim against Boyd under 42 U.S.C. § 1983. By way of background, Blue cannot sue WIU for this alleged constitutional violation because a state or its agents acting in their official capacities are not "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). A plaintiff, however, can sue a state agent in his individual capacity, which Blue has done here. *Dibble v. Quinn*, 793 F.3d 803, 807 (7th Cir. 2015). To state a plausible claim for relief in this context, Blue must allege that Boyd was personally involved in the deprivation of her Equal Protection rights. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010).

Viewing the allegations in Blue's favor, she has sufficiently alleged that Boyd was personally involved in depriving her Equal Protection rights based on her age and gender. *See FKFJ, Inc. v. Village of Worth,* 11 F.4th 574, 588 (7th Cir. 2021) (Equal Protection Clause is "a guard against state and local government discrimination on the basis of race, national origin, sex, and other class-based distinctions."). Blue specifically alleges that Boyd's conduct was the driving force behind her claims because he repeatedly berated her with inappropriate language and physically threatened her. She alleges, for example, that Boyd screamed at her, blocked her from exiting her office, and put his hands in front of her face stating he was going to kill her. Blue has thus sufficiently alleged Boyd's personal involvement.

Last, Boyd's reliance on *Horwitz v. Board of Educ. of Avoca School Dist. No. 37,* 260 F.3d 602, 619 (7th Cir. 2001), is misplaced because Blue is suing Boyd in his individual, not official, capacity.

The Court denies Boyd's motion to dismiss Blue's Equal Protection claim as alleged in Count IV.

*State Law Claims*

In Count VI, Blue brings a claim under the Illinois Gender Violence Act ("IGVA"), 740 ILCS 82/1, *et seq.* Section 5 of IGVA defines "gender-related violence" as "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex" and "[a] physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois." 740 ILCS 82/5.

In Count VII, Blue alleges an intentional infliction of emotional distress ("IIED") claim against Boyd. "To sustain a claim for intentional infliction of emotional distress, a plaintiff must prove the following: (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended his conduct to cause severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress, and (3) the defendant's conduct did, in fact, cause severe emotional distress to the plaintiff." *DiPietro v. GATX Corp.*, 167 N.E.3d 247, 259, 445 Ill.Dec. 570, 582, 2020 IL App (1st) 192196, ¶ 50 (1st Dist. 2020).

Instead of explaining why Blue's factual allegations fail to plausibly allege her IGVA and IIED claims under the federal pleading standards, Boyd argues that the Illinois State Lawsuit Immunity Act, 745 LCS 5/1, *et seq.,* provides that the State of Illinois is immune from lawsuits except as provided under the Illinois Court of Claims Act. *See Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001). Boyd, however, fails to recognize that a state agent or employee is not covered by Illinois' sovereign immunity if he acts "beyond the scope of his authority through wrongful acts." *Id.* Here, not only has Blue alleged that Boyd acted beyond the scope of his employment, but she also alleges wrongful acts supporting this claim, including Boyd telling Blue he was going to kill her

if she reported his inappropriate behavior.  The Court therefore denies Boyd's motion to dismiss Blue's state law clams as alleged in Counts VI and VII.

**Conclusion**

The Court grants in part and denies in part defendant Boyd's motion to dismiss [20].  The remaining claims against defendant Boyd are Counts IV, VI, and VII.  Because all of the events underlying this lawsuit took place in McDonough County, Illinois, the Court transfers this lawsuit to the Central District of Illinois, Rock Island Division.  *In re Ryze Claims Sol., LLC,* 968 F.3d 701, 706 n.5 (7th Cir. 2020) ("It is well established that a district court has the authority to sua sponte transfer a case under 28 U.S.C. § 1404.").

IT IS SO ORDERED.

Date: 4/19/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge